UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

XHAN NGUYEN,

        Plaintiff,

  v.

MICHAEL J. ASTRUE,
COMMISSIONER,

    Commissioner of Social Security
    Administration,

        Defendant.

CIVIL ACTION

No. 06-3343

**MEMORANDUM**

May 29, 2008

    Plaintiff Xhan Nguyen, who brought this action challenging the Commissioner of Social Security's denial of his application for supplemental social security income, moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  *See* docket # 19.  The motion follows this court's order and judgment of January 13, 2008, which reversed the Commissioner of Social Security decision denying benefits and remanded the case for further administrative proceedings.  Docket ## 15 and 16.  For the reasons that follow, I will grant plaintiff's motion in part, and will award attorney's fees to plaintiff in the amount of $3,126.50.

**Procedural Background**

In October 2004, following two unsuccessful applications for benefits, Mr. Nguyen applied for supplemental social security income under Title XVI of the Social Security Act.  In support of his application, Mr. Nguyen proffered several submissions from his treating psychiatrist, Dr. Magundayao, including an October 2005 report wherein Dr. Magundayao opined that Mr. Nguyen suffered from mental disabilities and was "not able to function normally" at that time.  R. 135.  In March 2006, following a hearing before an administrative law judge ("ALJ"), the Commissioner of Social Security ("Commissioner") rejected Dr. Magundayao's October 2005 report and denied Mr. Nguyen's application for benefits.

Mr. Nguyen filed this civil action seeking judicial review of the Commissioner's decision.  I referred the matter for a Report and Recommendation ("R&R").  The R&R found that the ALJ stated two valid reasons for rejecting Dr. Magudayao's report: (1) Dr. Magundayao's contemporaneous clinical notes constituted  "contrary medical evidence" refuting his report, and (2) Dr. Magundayao provided no "contemporaneous clinical notes or testing" to substantiate the conclusions of the report (the R&R determined that the ALJ's other two stated reasons for rejecting the report were invalid).   Docket # 14 at 8-12.  Accordingly, the R&R recommended affirming the Commissioner's decision to deny benefits.   No objections to the R&R were filed.

I adopted the R&R in part, and incorporated much of its reasoning (including its determination that two of the Commissioner's reasons for rejecting Dr. Magundayao's

report were invalid). However, I found that (1) Dr. Magundayao's clinical notes did not constitute "contradictory medical evidence" that the Commissioner could rely upon to reject the October 2005 report. Docket # 15 at 6-8 (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (holding that an ALJ may reject a treating doctor's opinion "only on the basis of contradictory medical evidence," and that the ALJ "is not free to employ her own expertise against that of a physician who presents competent medical evidence")). I also found that (2) the conclusions in Dr. Magundayao's report were supported by detailed clinical observations. *Id.* at 8. Consequently, I did not adopt the R&R's recommendation to affirm the Commissioner's decision, and I remanded the action to the Commissioner for further proceedings.

Plaintiff timely filed the motion now before me, requesting an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

### Legal Standard

The Equal Access to Justice Act ("EAJA") provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The parties agree that, because the court remanded this action pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a "prevailing party" under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). The principal issue in

contention is whether the Commissioner's position was "substantially justified."

A position is "substantially justified," within the meaning of the EAJA, if it is "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). This requires that the position have a "reasonable basis both in law and fact." *Id.* (internal quotation marks omitted).

The government bears the burden of proving that its position is "substantially justified." *See Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) ("The burden of demonstrating substantial justification for its position rests squarely on the government agency."); *see also Johnson v. Gonzales*, 416 F.3d 205, 211 (3d Cir. 2005) ("It is the Government's burden to prove that its position at the agency level was substantially justified."). This requires the government to provide justification for both "the position taken in the litigation," as well as "the agency position that made the litigation necessary in the first place." *Hanover Potato*, 989 F.2d at 128 (quoting *Taylor v. Heckler*, 835 F.3d 1037, 1040 (3d Cir. 1987) (citation omitted)).

The task of showing that a position is "substantially justified," within the meaning of the EAJA, is threefold. "To establish reasonable justification, the government must show "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 n.5 (3d Cir. 2001);

*see also Hanover Potato*, 989 F.2d at 128 (reconciling the Third Circuit's standard for proving substantial justification with the definition of "substantially justified" set forth in *Pierce*).

## Discussion

**1.**

The Commissioner contends that its position is "substantially justified," within the meaning of the EAJA, and thus that plaintiff is not entitled to attorney's fees. The Commissioner raises only one argument in support of this contention: "The Commissioner respectfully submits that his position was substantially justified because a reasonable person, [the Magistrate Judge who issued the R&R], thought that the Commissioners' [sic] position was correct." Docket # 20 at 3. This argument is foreclosed by authority: "Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 568-69.

Having argued only that its positions are "substantially justified," *per se*, because a magistrate judge recommended affirming the ALJ's decision, the Commissioner has neither attempted to identify nor defend the government's specific positions in responding to plaintiff's EAJA motion. By failing to refer to either its "position taken in the litigation" or "the agency position that made the litigation necessary in the first place," *Hanover Potato*, 989 F.3d at 128 (internal quotation marks omitted), the Commissioner has waived the argument that those positions are justified on their merits. *See Johnson*,

416 F.3d at 211 (holding that the Government waived the argument that its position in an agency proceeding was substantially justified because it made "no reference to its position during the underlying proceedings").  Moreover, even insofar as the Commissioner's positions could be discerned by reference to the record, the Commissioner has not attempted to show "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; [or] (3) a reasonable connection between the facts alleged and the legal theory advanced." *Kiareldeen*, 273 F.3d at 554 n.5.  The Commissioner has thus undertaken none of the steps required to satisfy the burden of proving that a position is "substantially justified" within the meaning of the EAJA.

Therefore, the court will award plaintiff the attorney's fees incurred in this action.[1]

**2.**

Plaintiff requests an award of $4,056.00 for 24.0 hours of work performed by plaintiff's counsel, Community Legal Services, Inc., compensated at a rate of $169 per hour.  In support of this request, and as required by 28 U.S.C. § 2142(d)(1)(B), plaintiff has submitted an itemized statement detailing the hours that Community Legal Services

---

[1] Plaintiff's motion requests that an award of fees and costs be granted "in favor of Community Legal Services, Inc.," counsel for plaintiff.  However, as plaintiff's counsel clarified in a letter dated May 16, 2008, docket # 23, plaintiff does not dispute that an award issued pursuant to 28 U.S.C. § 2412(d) accrues to the "prevailing party," in this case Mr. Nguyen, rather than to the party's counsel.

attorneys have spent on the case.  *See* docket # 20, exh. A.  This statement includes 5.5 hours spent representing plaintiff in the administrative proceedings that gave rise to this action.  The parties agree, however, that, under 28 U.S.C. § 2412(d), attorney's fees are not available for this work.  *See* docket # 20; docket # 23; *see also Melkonyan v. Sullivan*, 501 U.S. 89, 94 (1991) ("[5 U.S.C. §] 504 was enacted at the same time as § 2412, and is the only part of the EAJA that allows fees and expenses for administrative proceedings conducted prior to the filing of a civil action.").  Accordingly, the court will grant plaintiff an award $3,126.50 for 18.5 hours of work performed by Community Legal Services, Inc., compensated at $169 per hour, in connection with this civil action.

## Conclusion

For the foregoing reasons, plaintiff's "Motion for Attorney Fees Pursuant to the Equal Justice Act," will be granted in part.  The court will award plaintiff $3,126.50 in attorney's fees.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XHAN NGUYEN,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER,<br><br>      Commissioner of Social Security<br>      Administration,<br><br>        Defendant. | CIVIL ACTION<br><br>No. 06-3343 |

**ORDER**

May 29, 2008

    And now, this 29th day of May, 2006, upon consideration of plaintiff's "Motion for Attorney's Fees Pursuant to the Equal Justice Act," docket # 19, and defendant's opposition thereto, it is ORDERED that plaintiff's motion is GRANTED in part; plaintiff is awarded $3,126.50 in attorney's fees.

                                                       BY THE COURT:

                                                       /s/ Louis H. Pollak
                                                       Pollak, J.